IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,871-06






EX PARTE ELPIDIO BARRIGA AVILEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 296-81178-99 IN THE 296TH DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Avilez v. State, No. 05-00-01775-CR (Tex. App.-Dallas 2002, pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because counsel failed to object to the jury charge and that, as a result, the jury reached a non-unanimous verdict. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to how many counts of indecency with a
child the indictment alleged and as to what evidence the State presented at trial. The trial court shall
then make conclusions of law as to whether Applicant's trial counsel was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. In making these conclusions of law,
the trial court shall specifically make findings as to whether counsel discussed the jury charge with
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 3, 2010

Do not publish